Ross Day, OSB #002395
Day Law, P.C.
7831 St. Charles Street NE
Keizer, Oregon  97303
Mailing Address: P.O. Box 30148
Portland, Oregon 97294
ross@daylawpc.com
T:(503) 747-2705
F:(503) 914-1892
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **OREGONIZED HEMP CO LLC**, an Oregon domestic limited liability company, and **JUSTIN PITTS,** an individual, | Case No.: 1:20-cv-00720 |
| *Plaintiffs*, | FIRST AMENDED COMPLAINT |
| *vs.* | (Violation of Civil Rights, 42 U.S.C. §1983; Violations of the Oregon Constitution; Trespass to Chattels; Conversion; Abuse of Process) |
| **JOSEPHINE COUNTY, OREGON**, a political subdivision of the state of Oregon, **JACKSON COUNTY, OREGON**, a political subdivision of the state of Oregon, **JOHN DOES 1 THROUGH 20**, in their individual and official capacity, **CITY OF MEDFORD**, a political subdivision of the state of Oregon; **CHRIS DODE**, in his individual and official capacity; | AMOUNT IN CONTROVERSY: $2,500,000.00 |
| *Defendants*. | DEMAND FOR JURY TRIAL |

Plaintiffs Oregonized Hemp Co LLC and Justin Pitts allege as follows:

## THE PARTIES

1.

Plaintiff Oregonized Hemp Co, LLC is an Oregon domestic limited liability company whose principal place of business is located in Josephine County, Oregon.

2.

Plaintiffs Justin is a resident of Josephine County, state of Oregon.

3.

Defendant Josephine County (herein "Josephine County") is a political subdivision of the state of Oregon.

4.

Defendant Jackson County (herein "Jackson County") is a political subdivision of the state of Oregon.

5.

Defendants John Does 1 through 10, whose identities are unknown at this time, are individuals working for the Josephine County sheriff's department, or in concert with and under the direction of Josephine County sheriff's department.  John Does 1 through 10 are named in their individual and official capacities.  John Does 1 through 10 shall be referred herein as the "Jospehine County John Does".

6.

Defendants John Does 11 through 20, whose identities are unknown at this time, are individuals working for the Jackson County sheriff's department, or in concert with and under the direction of Jackson County sheriff's department.  John Does 1 through 10 are named in their individual and official capacities.  John Does 11 through 20 shall be referred herein as the "Jackson County John Does".

7.

The identities of the Josephine County John Does and Jackson County John Does are not known at the time of the filing of this complaint.  Plaintiffs reserve the right to amend this complaint when the identities of Josephine County John Does and Jackson County John Does become known to the Plaintiffs.

8.

Defendant City of Medford (herein "Medford") is a political subdivision of the state of Oregon.

9.

Defendant Chris Dode (herein "Dode"), on information and belief is an law enforcement officer working for Medford as part of the "Medford Area Drug & Gang Enforcement" group.

10.

Unless otherwise specifically delineated, all defendants shall be referred to herein as "Defendants".

## VENUE AND JURISDICTION

### 11.

This case presents claims against the Defendants pursuant to 42 U.S.C. §1983, in addition to state law claims.  Accordingly, this Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1367 (supplemental claim jurisdiction).

### 12.

The acts giving rise to the claims presented in this complaint occurred in Josephine County, Oregon.  Accordingly, venue is appropriate in this Court.

## GENERAL ALLEGATIONS

### 13.

Plaintiff Oregonized Hemp Co, LLC (herein "OHC") is a single member limited liability company organized under the laws of the state of Oregon.  OHC is a member-managed limited liability company.  Plaintiff Justin Pitts (herein "Pitts") is the sole member of OHC.

### 14.

OHC grows, cultivates, harvests and processes industrial hemp.  OHC contracts with various landowners in the southern Oregon area to grow industrial hemp in sufficient quantities to meet OHC's production needs.

15.

Prior to October of 2019, OHC stored its ready-to-be-processed industrial hemp in a building owned by Pitts, located in downtown Grants Pass, Oregon.  This building is also where OHC processes its industrial hemp into herbal teas, lotions, and other consumable items.

16.

In Oregon, in order to be able to handle, grow or process industrial hemp, a person and/or company must have valid registrations with the state of Oregon, by and through the state of Oregon's Department of Agriculture.  At all relevant times OHC and Pitts had all the necessary licenses and/or registrations from the Oregon Department of Agriculture.

17.

In approximately the middle of October 2019, the fire marshal for the city of Grants Pass, Oregon told Pitts that OHC/Pitts could not store "fibrous material" in his building in Grants Pass, and that OHC/Pitts would have to move OHC/Pitts' industrial hemp to a different off-site location.  OHC/Pitts was given thirty (30) days to move the industrial hemp.

18.

In approximately the beginning of November, 2019, OHC/Pitts moved the industrial hemp to a greenhouse located at 1100 Panther Gulch Road, Williams, county of Josephine, Oregon (herein "Panther Greenhouse").  The total amount of industrial hemp initially moved by OHC/Pitts to the Panther Greenhouse was approximately 6,724 pounds of plant material. At all relevant times, to the best of OHC/Pitts' knowledge, the only industrial hemp stored in the Panther Greenhouse was industrial hemp that belonged to OHC/Pitts.

19.

OHC and/or Pitts do not have an ownership interest in the private real property located at 1100 Panther Gulch Road, Williams, county of Josephine, Oregon.  OHC and/or Pitts relationship with the private real property located at 1100 Panther Gulch Road, Williams, county of Josephine, Oregon is that of a lessee of the Panther Greenhouse.

20.

Industrial hemp is a strain of the plant *Cannabis sativa*.  Industrial hemp is a plant that is put to many uses.  Both the state of Oregon and the federal government define industrial hemp as all seeds, parts and varieties of the Cannabis plant, whether growing or not, that contain an average tetrahydrocannabinol concentration that does not exceed 0.3 percent on a dry weight basis.  *See* ORS 571.269(5)(a); 7 U.S.C §1639o(1).

21.

According to Oregon state law and federal law, seeds, parts and varieties of the Cannabis plant that <u>exceed</u> 0.3 percent on average of tetrahydrocannabinol concentration is considered "Marijuana".  *See* 21 U.S.C §802(16); ORS 475B.015(17).  Marijuana, as opposed to industrial hemp, is illegal to produce, possess, sell etc. under federal law.  It is legal to produce, possess, sell etc. marijuana under the laws of the state of Oregon, but such activity is highly regulated.

22.

Under both Oregon law and federal law, industrial hemp and "Marijuana" are two separate, legally distinct choses.

23.

Businesses such as OHC that grow, cultivate, harvest, process and sell industrial hemp do so knowing that all of their plant material (i.e. industrial hemp) must maintain a tetrahydrocannabinol concentration below 0.3 percent, otherwise said businesses (like OHC) could be in violation of state and federal law. Accordingly, OHC regularly tests its industrial hemp to insure its plant material is below the level of tetrahydrocannabinol concentration required by state and federal law.

24.

At all relevant times, all of the plant material stored in the Panther Greenhouse by OHC had a tetrahydrocannabinol concentration at or below 0.3 percent. Therefore, all of the plant material stored in the Panther Greenhouse by OHC was legally "Industrial Hemp" and **not** "marijuana".

25.

At all relevant times the industrial hemp stored in the Panther Greenhouse was the sole property of OHC and Pitts, and no other third party had any claim of right to the industrial hemp. At all relevant times, only OHC and/or Pitts had the right to possession of the industrial hemp.

26.

From approximately November of 2019 through April 22nd, 2020, OHC and Pitts would store additional industrial hemp at the Panther Greenhouse. On April 22nd, 2020, OHC and Pitts had not less than five thousand (5,000) pounds of industrial hemp stored in the Panther Greenhouse.

27.

On April 22nd, 2020, Josephine County John Does and Jackson County John Does, and Dode, acting under color of law under the authority of Defendants Josephine County, Jackson County and Medford, respectively, executed a search warrant (herein "Warrant") for the private real property located at 1100 Panther Gulch Road, Williams, county of Josephine, Oregon (herein "Property").

28.

The Warrant did not identify the judge issuing the warrant, identify the person requesting the warrant, and did not contain any evidence to establish probable cause to issue the Warrant.  OHC/Pitts reserves the right to rise additional challenges to the sufficiency of the Warrant.  The Warrant is/was facially invalid and does not comply with the requirements of Oregon law.  On information and belief the Warrant was applied for by the Josephine County John Does and Jackson County John Does, and Dode, collectively.  In the alternative, the Warrant was obtained by either the Josephine County John Does, the Jackson County John Does, or Dode, and whichever party did not apply for the Warrant nevertheless knew, or should have known, of the many infirmities of the Warrant, and in obtaining the Warrant, such that a reasonable person would not have relief upon the Warrant to search the Property.

29.

The Warrant authorized, in relevant part, the seizure of the following:

1.  Processed Marijuana

2.  Marijuana plants

3.  Marijuana concentrate oils

....

**8 of 21**    FIRST AMENDED COMPLAINT

15.  Any items related to the illegal possession, manufacture or delivery of

Marijuana

(caps in original).

30.

The Warrant did not authorize the seizure of industrial hemp.

31.

Josephine County John Does, Jackson County John Does and Dode seized OHC/Pitts'

industrial hemp that was stored in the Panther Greenhouse.  Defendant Jackson County and

one or more of the Jackson County John Does provided the owner of the Property with a

"property inventory receipt.".

32.

While the Josephine County John Does, Jackson County John Does and Dode were

executing the Warrant, they were advised by persons who were on the Property that the

material in the Panther Greenhouse was industrial hemp, not Marijuana, and therefore under

the terms of the Warrant the Defendants did not have the lawful authority to seize the

industrial hemp.  The Josephine County John Does, Jackson County John Does and Dode

explicitly rejected these warnings and proceeded to seize OHC/Pitts' property.

33.

On or about April 23rd, 2020, the Josephine County John Does, Jackson County John

Does and/or Dode filed a document entitled "Supplemental Order to Search Warrant" (herein

"Supplemental Order") with the Josephine County Circuit Court for the state of Oregon,

seeking permission to destroy the personal property seized at the Property during the

execution of the Warrant, including OHC/Pitts' industrial hemp.  The Supplemental Order

does not identify the individual and/or governmental authority seeking approval of the Supplemental Order. The Supplemental Order contains knowingly or recklessly false statements by the Defendants. For instance, the Supplemental Order states that Defendants seized "10,000 pounds of marijuana and approximately 50,000 liters (4,000 pounds) of liquid cannabinoid products." This statement is false because, in fact, the Defendants seized industrial hemp. The Supplemental Order repeatedly states the material taken is "marijuana", when, in fact, the material taken was legal industrial hemp. OHC/Pitts reserves the right to raise additional statements contained in the Supplemental Order that are knowingly or recklessly false. The Josephine County John Does, Jackson County John Does and/or Dode made the false statements in the Supplemental Order in order to cover up the fact that the Defendants had unlawfully taken OHC/Pitts' property.

34.

On information and belief, the Defendants have destroyed OHC/Pitts' industrial hemp.

35.

At all relevant times, all Defendants have been acting under color of law.

36.

At all relevant times, the Josephine County John Does were acting in a manner consistent with established policy or custom of Defendant Josephine County.

37.

At all relevant times, the Jackson County John Does were acting in a manner consistent with established policy or custom of Defendant Jackson County.

38.

At all relevant times, Dode was acting in a manner consistent with established policy or custom of Defendant Medford.

39.

OHC/Pitts's industrial hemp has a value of not less than $2,500,000.00, or an amount to be proven at trial.

**FIRST CLAIM FOR RELIEF**
**(Violations of the Civil Rights Act – 42 U.S.C. §1983)**

**COUNT I**
**U.S. Const. Fourth Amendment**
**<u>Unlawful Seizure</u>**

40.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.

The Fourth Amendment to the United States Constitution protects the citizens from unreasonable searches and seizures and requires a warrant to search a person or seize any thing be supported by probable cause.  The Warrant executed by the Josephine County John Does, Jackson County John Does and/or Dode was not supported by probable cause (such as a probable cause affidavit or similar evidence) and was therefore obtained in violation of Plaintiffs' rights protected by the Fourth Amendment to the United States Constitution.

42.

The Josephine County John Does, Jackson County John Does and/or Dode knew, or should have known. the Warrant was obtained without probable cause, was defective and did not comply with state law, and therefore it was unreasonable for the the Josephine County

John Does, Jackson County John Does and/or Dode to rely on the Warrant as a basis for searching the Property and seizing anything from the Property.

43.

The Fourth Amendment to the United States Constitution protects the citizens from unreasonable searches and seizures and requires any thing to be seized to be particularly described in a search warrant.

44.

The Warrant authorized the seizure of Marijuana, not industrial hemp. The Josephine County John Does, Jackson County John Does and/or Dode knowingly, intentionally and/or negligently took Plaintiffs' industrial hemp, in violation of Plaintiffs' rights protected by the Fourth Amendment to the United States Constitution.

45.

As a direct result of the Defendants' actions, Plaintiffs were harmed in the amount of $2,500,000.00, or an amount to be proven at trial.

46.

Pursuant to 42 U.S.C. §1988, Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

**COUNT II**
**U.S. Const. Fifth Amendment**
**Unlawful Taking**

47.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

48.

The Fifth Amendment to the United States Constitution protects the citizens from the taking of property without just compensation and is applied to the states through the Fourteenth Amendment to the United States Constitution.

49.

Defendants' conduct, taking Plaintiffs' property, constituted a taking of Plaintiffs' property under the Fifth Amendment to the United States Constitution.

50.

Defendants did not take Plaintiffs' property for public use.

51.

Defendants have not paid Plaintiffs any compensation for the taking of Plaintiffs' property.

52.

As a direct result of the Defendants' actions, Plaintiffs were harmed in the amount of $2,500,000.00, or an amount to be proven at trial.

53.

Pursuant to 42 U.S.C. §1988, Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

## COUNT III
### U.S. Const. Fourteenth Amendment
### Equal Protection of the Laws

54.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 39, 41 through 45, and 48 through 50, above.

55.

Other similarly situated businesses and individuals which engage in the growing, cultivation, processing and sale of industrial hemp and industrial hemp products have not been singled out by any of the Defendants for violation of their constitutional rights, as described above.

56.

Josephine County, and the Josephine County John Does, hold particular animosity towards Plaintiffs, and over the years have engaged in a pattern and practice of unequal treatment intended to harass and intimidate Plaintiffs, and in particular Pitts. Defendants' conduct described herein is part of a pattern and practice of Defendants Josephine County, and the Josephine County John Does to deny Plaintiffs equal protection of the laws as required by the Fourteenth Amendment to the United States Constitution.

57.

As a direct result of the Defendants' actions, Plaintiffs were harmed in the amount of $2,500,000.00, or an amount to be proven at trial.

58.

Pursuant to 42 U.S.C. §1988, Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

**COUNT IV**
**U.S. Const. Fourteenth Amendment**
**Procedural Due Process**

59.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 39, 41 through 45, and 48 through 50, above.

60.

The actions taken by the Defendants were taken with the intent to deprive the

Plaintiffs of their basic civil rights guaranteed by the United States and Oregon Constitutions.

61.

The Defendants never provided the Plaintiffs with any process whatsoever before the

Defendants undertook its scheme to harm the Plaintiffs.  The Defendants never provided

Plaintiffs with any notice, any opportunity to defend themselves against the Defendants'

actions, an impartial decision-maker, or any post-deprivation procedures whatsoever.

62.

The Defendants' actions described throughout this Complaint violated the Plaintiffs'

most basic rights to procedural due process in violation of the United States Constitution.

63.

As a direct result of the Defendants' actions, the Plaintiffs were harmed in the amount

of $2,500,000.00, or an amount to be proven at trial.

64.

Pursuant to 42 U.S.C. §1988, the Matthews are entitled to an award of their costs,

disbursements and reasonable attorney fees.

**SECOND CLAIM FOR RELIEF**
**(Violation of Article I, Section 9 of the Oregon Constitution)**

65.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through

39, as if fully set forth herein.

66.

Article I, Section 9 of the Oregon Constitution protects the citizens from unreasonable searches and seizures and requires a warrant to search a person or seize any thing be supported by probable cause.  The Warrant executed by the Defendants was not supported by probable cause and was therefore obtained in violation of Plaintiffs' rights protected by Article I, Section 9 of the Oregon Constitution.

67.

Article I, Section 9 of the Oregon Constitution protects the citizens from unreasonable searches and seizures and requires any thing to be seized to be particularly described.

68.

The Warrant authorized the seizure of Marijuana, not industrial hemp.  Defendants knowingly, intentionally and/or negligently took Plaintiffs' industrial hemp, in violation of Plaintiffs' rights protected by Article I, Section 9 of the Oregon Constitution.

69.

As a direct result of the Defendants' actions, Plaintiffs were harmed in the amount of $2,500,000.00, or an amount to be proven at trial.

70.

Pursuant to *Deras v. Myers*, 272 Or. 47 (1975), Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

**THIRD CLAIM FOR RELIEF**
**(Violation of Article I, Section 18 of the Oregon Constitution)**

71.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 39, as if fully set forth herein.

72.

Article I, Section 18 of the Oregon Constitution protects the citizens from the taking of property without just compensation

73.

Defendants' conduct, taking Plaintiffs' property, constituted a taking of Plaintiffs' property under Article I, Section 18 of the Constitution.

74.

Defendants did not take Plaintiffs' property for public use.

75.

Defendants have not paid Plaintiffs any compensation for the taking of Plaintiffs' property.

76.

As a direct result of the Defendants' actions, Plaintiffs were harmed in the amount of $2,500,000.00, or an amount to be proven at trial.

77.

Pursuant to *Deras v. Myers*, 272 Or. 47 (1975), Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

## FOURTH CLAIM FOR RELIEF
### (Trespass to Chattels)

78.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

79.

The Defendants' conduct was intentional and for the purpose of disturbing, interfering with, and/or destroying Plaintiffs' possession of the industrial hemp.

80.

Defendants' destruction of Plaintiffs' industrial hemp damaged Plaintiffs' chattel to the point where Plaintiffs possession of the industrial hemp has completely vanished.

81.

The conduct described herein was performed by all individual defendants within the course and scope of their employment.

82.

This complaint serves as formal notice of Plaintiffs' claims as required by ORS 30.275.

83.

As a direct result of the Defendants' actions, the Plaintiffs were harmed in the amount of $2,500,000.00, or an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Conversion)

84.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 39, 79 through 81 as if fully set forth herein.

85.

The Defendants' conduct, described above, was intentional and for the purpose of exercising dominion and control over Plaintiffs' property.

86.

Defendants' conduct did, permanently, interfere with Plaintiffs' dominion and control over Plaintiffs' property – i.e. Plaintiffs' industrial hemp.

87.

As a direct result of the Defendants' actions, the Plaintiffs were harmed in the amount of $2,500,000.00, or an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### (Abuse of Process)

88.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 39, 79 through 81 as if fully set forth herein.

89.

The Defendants' actions, were taken for one or more of the following improper and/or ulterior purposes:

1. To stop the sale of industrial hemp products containing cannabinoids/cannabinols even though Plaintiffs (and others) have a lawful right to do so;

2.  To harass and/or intimidate the Plaintiffs from growing, cultivating, harvesting, processing and selling industrial hemp and industrial hemp products, even though Plaintiffs have a lawful right to do so;

90.

Defendants' actions were willful, and for the purposes described herein.

91.

Defendants actually seized and destroyed the Plaintiffs' property.

92.

As a direct result of the Defendants' actions, the Plaintiffs were harmed in the amount of $2,500,000.00, or an amount to be proven at trial.

**WHEREFORE**, Plaintiffs respectfully pray this Court for the following relief

1.  On Plaintiffs' First Claim For Relief, Count I, for a judgment against the Defendants in the amount of $2,500,000.00, or an amount to be proven at trial;

2.  On Plaintiffs' First Claim For Relief, Count II, for a judgment against the Defendants in the amount of $2,500,000.00, or an amount to be proven at trial;

3.  On Plaintiffs' First Claim For Relief, Count III, for a judgment against the Defendants in the amount of $2,500,000.00, or an amount to be proven at trial;

4.  On Plaintiffs' First Claim For Relief, Count IV, for a judgment against the Defendants in the amount of $2,500,000.00, or an amount to be proven at trial;

5.  On Plaintiffs' Second Claim For Relief, for a judgment against the Defendants in the amount of $2,500,000.00, or an amount to be proven at trial;

6.  On Plaintiffs' Third Claim For Relief, for a judgment against the Defendants in the amount of $2,500,000.00, or an amount to be proven at trial;

7.  On Plaintiffs' Fourth Claim For Relief, for a judgment against the Defendants in the amount of $2,500,000.00, or an amount to be proven at trial;

8.  On Plaintiffs' Fifth Claim For Relief, for a judgment against the Defendants in the amount of $2,500,000.00, or an amount to be proven at trial;

9.  On Plaintiffs' Sixth Claim For Relief, for a judgment against the Defendants in the amount of $2,500,000.00, or an amount to be proven at trial;

10. Plaintiffs costs, disbursements and reasonable attorney fees pursuant to 42 U.S.C. §1988.

11. Plaintiffs costs, disbursements and reasonable attorney fees pursuant to *Deras v. Myers*, 272 Or. 47 (1975)

12. Any other relief the Court deems just and equitable.

**RESPECTFULLY SUBMITTED** this   24th   day of August 2020

> **DAY LAW, PC**
> *Attorneys for Plaintiffs*
>
>           /s/ Ross Day
> _____
> Ross A. Day, OSB #002395
> P.O. Box 30148
> Portland, Oregon  97294
> T: 503-747-2705
> E: ross@daylawpc.com