IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

OREGONIZED HEMP CO, LLC, *et al*,

        Plaintiffs,

   v.

JOSEPHINE COUNTY, *a subdivision of the State of Oregon, et al*,

        Defendants.

Case No. 1:20-cv-00720-CL

**FINDINGS AND RECOMMENDATION**

_____

CLARKE, Magistrate Judge.

      Plaintiffs bring claims against the defendants, Josephine County, Jackson County, the City of Medford, Medford Police Detective Chris Dode, and John Does 1-20. The case comes before the Court on a motion to dismiss filed by the Josephine County defendants, which consist, collectively, of the County and any unnamed Josephine County Sheriff's deputies that could be named in the action once they are individually identified as being involved in the search and seizure in question, i.e., John Does 1-10. For the reasons below, the motion should be GRANTED in part and DENIED in part. The First Amended Complaint should be dismissed without prejudice and with leave to file a second amended complaint within 30 days.

Page 1 – FINDINGS AND RECOMMENDATION

**SUMMARY**

Plaintiffs are understandably frustrated with the actions of law enforcement in this case. If the allegations are true, Plaintiffs have suffered a large economic loss due to the destruction of their industrial hemp, which law enforcement mis-identified as marijuana. However, the Court struggles to ascertain a constitutional violation in this case. Particularly with regard to the moving defendants, Josephine County, and John Does 1-10, but potentially with any of the defendants. As discussed below, the warrants executed are both facially valid under Oregon and federal law. Even if there are problems with the underlying information, Plaintiffs have not alleged plausible facts to show direct involvement in the warrant application process by any of the Josephine County John Doe defendants. In fact, no specific action or conduct is attributed to any one specific John Doe at all. The allegations state that the Josephine County John Does were involved in executing the search and seizure warrant, that they disregarded the statements of individuals at the scene that the cannabis being seized was industrial hemp, not marijuana, and that they destroyed the cannabis plant material as directed by the supplemental warrant.

There may be some state law claims that Plaintiffs can pursue to remedy the loss of their industrial hemp. However, because the warrants, judicially noticed and incorporated into the complaint, are facially valid, the constitutional claims are shaky at best. In particular, it was reasonable for the Josephine County defendants to execute the warrants as directed, including the direction to destroy the cannabis plants that were seized. Therefore, Plaintiffs have failed to state a claim for relief against any of the Josephine County John Does, and the John Does are likely entitled to qualified immunity.

Unless Plaintiffs can allege specific unreasonable conduct against specific John Does, their dismissal from the constitutional claims should be with prejudice. Dismissal of the

Plaintiffs' claims against the municipal entities and state law claims should be without prejudice and with leave to refile a second amended complaint within 30 days.

## LEGAL STANDARD

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id*. (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citation omitted).

## DISCUSSION

The First Amended Complaint ("FAC") alleges that Plaintiffs Oregonized Hemp Co, LLC, and Justin Pitts (collectively "Plaintiffs") leased a facility on Panther Gulch Road in

Williams, Oregon as part of their business cultivating industrial hemp. FAC ¶¶ 13-14, 19. This case arises out of the seizure of plant material from the Panther Gulch facility pursuant to a search warrant.  The plants were later destroyed pursuant to a supplemental order from Josephine County Circuit Court in Case No. 20AD01459. Plaintiffs allege that at the time of the search warrant execution, approximately five thousand pounds of their legal industrial hemp were stored at the leased facility, and that no illegal marijuana was present. FAC ¶¶ 25-26.

Plaintiffs allege the seizure of hemp was unlawful because the warrant only permitted seizure of "items related to the illegal possession, manufacture or delivery of Marijuana." FAC ¶¶ 28-30, 41, 42, 66. The First Amended Complaint contends that law enforcement personnel were told by unknown persons that the seized plant material was hemp, not marijuana, and should have heeded these warnings. FAC ¶¶28, 68. Plaintiffs argue that industrial hemp is legally distinguishable from marijuana based on its chemical makeup, and thus law enforcement exceeded the scope of the warrant when they seized the plant material. FAC ¶¶ 20-25, 29-32.

**I.       Defendant Josephine County's request for judicial notice is granted.**

Courts may take judicial notice of "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Additionally, the incorporation by reference doctrine permits the court to consider documents referred to extensively to in the complaint or which form the basis of the plaintiffs' claims.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  If a party introduces part of a written statement, the opposing party may introduce any other part of that statement "that in fairness ought to be considered at the same time."  Fed. R. Evid. 106. "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as

long as the facts noticed are not subject to reasonable dispute." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

The County requests that the Court take judicial notice of the following records of the Oregon Circuit Court of Josephine County, Case No. 20AD01459: (1) Affidavit of Detective Dode in support of Search Warrant, (2) Search Warrant signed by the Honorable Sarah E. McGlaughlin, (3) Dode Addendum in support of Supplemental Disposal Order, and (4) Supplemental Disposal Order signed by the Honorable Sarah E. McGlaughlin.  The materials are filed as Exhibits 1 through 4 to the Declaration of Molly R. Silver (#36-1).  The declaration certifies that these public records were obtained directly from the Oregon Judicial Department's official Register of Actions.  O.R.S. 7.020.

Plaintiffs object to the request for judicial notice of these materials.  They do not dispute that they are the official records of the case from which the allegations in this case arise, but they dispute that they were not the actual, physical copies of the warrants that were executed on the premises at the time of the search.  Nevertheless, the only material distinction raised between the materials submitted and those presented at the time of the search appears to be the name stamp imprinted next to the judge's signature identifying it as that of the Honorable Sarah E. McGlaughlin, as well as the supporting documents to the warrants.  No material dispute is raised with the authenticity of the supporting documents.

The Court understands that the Plaintiffs challenge the information upon which the warrants are based, and they dispute the accuracy of the information that formed the basis of probable cause.  However, this will be the subject of the substantive case between the Plaintiffs and any defendant with direct involvement in obtaining the warrants.  The Court therefore

accepts the materials submitted and takes judicial notice of them, with the caveat that the name stamp was not affixed to the paper at the time of execution of the warrant.

> **II. The Josephine County defendants should be dismissed from the Plaintiffs' constitutional claims (the "First Claim"); the defendants' motion to dismiss should be granted in part.**

Plaintiffs' "First Claim" for relief, brought under 42 U.S.C. § 1983, contains four counts: 1) unlawful seizure under the Fourth Amendment, 2) unlawful taking under the Fifth Amendment, 3) violation of the Equal Protection Clause, and 4) violation of the right to Procedural Due Process. The County moves to dismiss these for three reasons – failure to state a claim under Rule 12(b)(6), failure to specifically plead allegations involving the County or County law enforcement officers, as well as qualified immunity for any officers that were involved.

The Court agrees with the County. Plaintiffs fail to allege sufficient specific facts against the Josephine County John Does to state a plausible claim for relief, and the facts that are alleged require dismissal for qualified immunity. Because Plaintiff concedes that the *Monell* claims against the municipal entities are inadequate, all of the Josephine County defendants should be dismissed from the four constitutional claims contained in Claim 1.

### a) The warrants are facially valid.

The allegations in Claim 1, Count 1 for violation of Plaintiffs' Fourth Amendment rights state that the search and seizure warrant was defective because it did not identify the judge issuing the warrant, did not identify the person requesting the warrant, and did not contain any evidence to establish probable cause to issue the warrant. These allegations fail to state a claim for relief for a defective warrant.

Oregon law does not require a search warrant to name the applicant or contain evidence supporting probable cause. *See* O.R.S. 133.565 (required contents of a search warrant). This

information should be presented to the judge authorizing the warrant, but it is not required to be attached to the warrant at the time of execution.

Third, while O.R.S. 133.565 does require the warrant to state "the identity of the judge issuing the warrant," this information is not required by either the Fourth Amendment or Article I, § 9 of the Oregon Constitution. *United States v. Grubbs*, 547 U.S. 90, 97 (2006) (rejecting other efforts to expand the requirements of a search warrant under the Fourth Amendment, indicating that the constitutional text "specifies only two matters that must be 'particularly describ[ed]' in the warrant: 'the place to be searched' and 'the persons or things to be seized.'"); *State v. Radford*, 223 Or. App. 406, 410, 196 P.3d 23, 26 (2008) (stating that "the [Oregon Constitution] requires only that the warrant be based "upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."). Additionally, even if the information were constitutionally required, Plaintiffs do not allege that the judge did not sign the warrant, nor that she did not actually authorize it, merely that it did not include her name stamp. Plaintiffs cite no authority for the proposition that a warrant needs more of an identifier than a judge's signature.

None of the defects alleged raise a violation of Plaintiffs' constitutional rights. The warrants, as submitted and judicially noticed are facially valid.

### b) Plaintiffs fail to state a claim under Count 1 against officers that were not involved in the application for the warrants; those officers have qualified immunity as to the execution of the warrants.

Plaintiffs fail to state a claim against the Josephine County defendants. First, Plaintiffs do not allege any particular facts to indicate that the Josephine County defendants were directly involved in obtaining the warrant or the supplemental warrant,[1] and there is no indication of any

---

[1] The Complaint alleges: "On information and belief the Warrant was applied for by the Josephine County John Does and Jackson County John Does, and Dode, collectively. In the alternative, the Warrant was

involvement based on the materials submitted. According to the materials, Medford Detective Chris Dode was the only officer involved in obtaining the warrants at issue.

Second, because the warrants are valid, it was reasonable for officers, who were not involved in the application for the warrant, not to question the lawfulness or constitutionality of the warrant, which was properly authorized and signed by the judge. This is true for both the warrant for search and seizure of the property and the supplemental warrant for destruction of the cannabis. If the Josephine County John Does did nothing but execute two lawful warrants, there is no constitutional violation alleged.

### c) Seizure of Plaintiffs' cannabis was not an unreasonable constitutional violation under the terms of the warrants.

If the officers exceeded the scope of the warrant by seizing Plaintiff's industrial hemp, such conduct was not an unreasonable constitutional violation. Plaintiffs allege that individuals present at the time of the seizure informed officers that the plants were hemp, not marijuana, but Plaintiffs cite to no authority for the proposition that officers must heed the claims of innocence given by suspects at the scene of a warrant's execution. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 592 (2018) (holding that "innocent explanations— even uncontradicted ones—do not have any automatic, probable-cause-vitiating effect."). Officers were not required to believe the individuals present at the scene.

Plaintiffs' own allegations state that the only difference between hemp and marijuana is the tetrahydrocannabinol (THC) concentration, information that can only be determined with

---

obtained by either the Josephine County John Does, the Jackson County John Does, or Dode, and whichever party did not apply for the Warrant nevertheless knew, or should have known, of the many infirmities of the Warrant." FAC ¶28. These allegations are wholly conclusory and contradicted by the judicially noticed warrants and supporting documents.

chemical testing. Thus, the cannabis must be seized and tested before such a determination can be made.

Additionally, Detective Dode swears in his affidavit to the supplemental warrant that he confirmed with the Oregon Department of Agriculture and the Oregon Liquor Control Commission that the subject locations were not approved or registered for either marijuana or hemp production as required under Oregon law. Def. Ex. 1, (#36-2). Based on the warrant and affidavit, it would have been reasonable for officers executing the warrant to believe that any cannabis cultivation on the premises was unlawful regardless of whether the cannabis was hemp or marijuana. Therefore, officers with no involvement in the application for the warrants, did not unreasonably violation Plaintiffs' constitutional rights by seizing or destroying the cannabis.

### d) None of the allegations against the Josephine County defendants amount to an unreasonable violation of Plaintiffs' constitutional rights; therefore, the defendants are entitled to qualified immunity.

Qualified immunity shields government officials from civil liability for conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Mueller v. Auker*, 700 F.3d 1180, 1185 (9th Cir. 2012). Plaintiffs' allegations do not sufficiently allege that the Josephine County defendants did anything except reasonably execute a facially valid search and seizure warrant and a facially valid supplemental warrant to destroy the seized cannabis. There is no unreasonable constitutional violation contained in these allegations, therefore Plaintiffs fail to state a claim for relief as to the Josephine County defendants and they would be entitled to qualified immunity for the same reason. The Josephine County defendants should be dismissed as to this claim.

### e) The other three counts under Claim 1 fail as to the Josephine County defendants for the same reasons above.

Plaintiffs' claims under the Takings Clause, Equal Protection, and Procedural Due Process, all fail for the same reasons above: Plaintiffs have not alleged that the Josephine County Defendants' conduct unreasonably violated any constitutional rights because their only direct involvement was to reasonably execute two facially valid warrants. The Josephine County defendants should be dismissed as to all of these claims.

### III. Defendants' motion to dismiss should be denied in part; Plaintiffs' state law claims should be dismissed without prejudice and with leave to refile.

The Josephine County defendants assert that the Court should not exercise supplemental jurisdiction over the Plaintiffs' state law claims if the constitutional claims are dismissed. The Court disagrees. While the constitutional claims against the Josephine County defendants should be dismissed, the claims remain against the other defendants for now, and in the interests of judicial efficiency and fairness to the Plaintiffs, the litigation should not be splintered into two different courts. However, Plaintiffs concede that their state law claims should be re-pled within the framework of the Oregon Tort Claims Act, and they request leave to amend their complaint to do so. Therefore, these claims should be dismissed without prejudice and with leave to refile.

### RECOMMENDATION

For the foregoing reasons, the Josephine County defendants' motion to dismiss (#36) should be GRANTED in part and DENIED in part. Plaintiffs should be granted leave to file a Second Amended Complaint to reallege their claims against the municipal defendants and to reallege their state law claims within the framework of the OTCA. Constitutional claims against the Josephine County John Does should only be re-pled if Plaintiffs have additional allegations, not currently contained in their First Amended Complaint, to indicate direct involvement with obtaining the warrants or otherwise taking action to unreasonably deprive Plaintiffs of their constitutional rights. The Second Amended Complaint should be filed within 30 days.

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 26 day of February, 2021.

_____
MARK D. CLARKE
United States Magistrate Judge